SINGER / BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@singerbea.com
  Douglas S. Tilley (Bar No. 265997)
  dtilley@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone: (415) 500-6080
Facsimile:  (415) 500-6080

*Attorneys for Plaintiff Software Research, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>DOTCOM-MONITOR, INC. and DOES 1 through 10,<br><br>           Defendants.<br><br>DOTCOM-MONITOR, INC.,<br><br>           Counterclaim-Plaintiff,<br><br>v.<br><br>SOFTWARE RESEARCH, INC.,<br><br>           Counterclaim-Defendant. | CASE NO. 3:16-CV-02970-EMC<br><br>**PLAINTIFF SOFTWARE RESEARCH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT DOTCOM-MONITOR, INC.'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: September 22, 2016<br>Time:  1:30 p.m.<br>Judge: Hon. Edward M. Chen<br><br>Date Filed:  June 2, 2016<br>Trial Date:  None set |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 22, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Edward M. Chen in Courtroom 5, 17th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Software Research, Inc. will and hereby does move the Court for an Order (a) dismissing the counterclaims and striking the first, second, third, fourth, and fifth affirmative defenses set forth in Defendant Dotcom-Monitor, Inc.'s Answer, without leave to amend, and (b) awarding SRI its fees and costs in bringing this Motion.

The Motion is based on this Notice of Motion, the concurrently submitted Memorandum of Points and Authorities, and any further evidence or argument as may be presented prior to or at the hearing on SRI's Motion.

## RELIEF REQUESTED

Under Federal Rules of Civil Procedure 12(b)(6) and 12(f), SRI requests that the Court (a) dismiss Defendant's inadequately pleaded counterclaims without leave to amend, and (b) strike Defendant's first, second, third, fourth, and fifth affirmative defenses without leave to amend.  SRI further requests that the Court direct Defendant to pay SRI's fees and costs in bringing this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Through this lawsuit, Plaintiff Software Research, Inc. ("SRI") seeks to recover for the substantial, irreparable, and ongoing harm incurred by Defendant Dotcom-Monitor, Inc.'s ("Defendant") demonstrable infringement of SRI's patents via Defendant's Web Application Monitoring offering ("WAM").[1]  (*See generally* Dkt. 1.)

SRI's Complaint—which is the product of an extensive pre-filing examination of Defendant's offerings and technical literature—alleges in detail that WAM infringes each limitation of at least one claim disclosed in each of the Asserted Patents.  SRI's Complaint explains, for example, that WAM infringes at least claim 17 of the '175 Patent because WAM practices every step of the revolutionary website testing method invented by SRI's founder and disclosed in the '175 Patent.  (*See* Dkt. 1 at

---

[1] The patents in issue are United States Patent Nos. 7,757,175; 8,327,271; 8,392,890; 8,495,585; 8,650,493; and 8,984,491 (collectively, the "Asserted Patents").

¶ 17.)  The Complaint specifically identifies the particular WAM components, features, and functionalities that so infringe.  (*Id*. (naming WAM's "EveryStep Scripting Tool" and "Keyword Validation" components).)

In stark contrast to SRI's detailed allegations, Defendant's Answer asserts boilerplate affirmative defenses and conclusory counterclaims for declarations of invalidity and non-infringement.  (*See generally* Dkt. 13.)  In each instance, Defendant fails to plead any factual support whatsoever for its defenses or counterclaims, or to give SRI fair notice of Defendant's contentions.  For example, nowhere does Defendant identify a single piece of prior art which it contends somehow invalidates any claim of any Asserted Patent.  Defendant merely waves at the Patent Act, speculates that one or more of the Asserted Patents might not meet the requirements set forth therein, and purports to make SRI and the Court guess at what Defendant means.  Defendant similarly offers no factual response to any of SRI's infringement allegations, concluding instead that WAM does not infringe simply because Defendant says so.

It is settled that to survive a motion to dismiss or to strike, Defendant's pleading must set forth factual matter that (a) provides fair notice to SRI of the basis for Defendant's contentions, and (b) is sufficient, on its face, to elevate Defendant's claims and defenses from merely possible to plausible.  It is equally clear that Defendant's formulaic recitations of labels and legal conclusions fail to meet that burden, and must be stricken and dismissed.

Further, to ensure that Defendant does not unfairly benefit from its disregard for established pleading requirements—which Defendant expressed during meet and confer it may presently ignore because it expects this Court to grant leave to amend—and to deter others from following Defendant's example, the Court should deny leave to amend and direct Defendant to pay the fees and costs SRI unnecessarily incurred as a result of Defendant's non-compliance.

## I. LEGAL STANDARD

A motion to dismiss a counterclaim pursuant to Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a complaint.  *See, e.g.*, *Aubin Indus. v. Caster Concepts, Inc.*, 2015 U.S. Dist. LEXIS 82881, *5 (E.D. Cal. June 23, 2015).  That is, the Court must determine whether

the counterclaim's factual allegations, together with all reasonable inferences drawn from the same, state a plausible claim for relief. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).[2]  A counterclaim has "facial plausibility" only where a defendant pleads sufficient factual content to allow the Court to reasonably infer that defendant is entitled to the relief it seeks. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  While the Court "must take all of the factual allegations in the complaint as true," it may not credit "a legal conclusion couched as a factual allegation." *Id*. ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555)).  Where the face of the pleading lacks sufficient factual support to elevate defendant's counterclaims from merely conceivable or possible to plausible, it must be dismissed. *Id*.

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  To further the purposes of Rule 12(f) and spare the parties and the Court from the burdens associated with litigating and conducting discovery into meritless defenses, this District regularly applies the heightened *Twombly*/*Iqbal* pleading standard to affirmative defenses. *See, e.g.*, *FTC v. DirecTV, Inc*., 2015 U.S. Dist. LEXIS 170370, *3-4 (N.D. Cal. Dec. 21, 2015) (collecting cases and requiring that defendant "state a plausible claim for relief to survive a motion to strike."); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims [in *Twombly* and *Iqbal*] should not apply to the pleading of affirmative defenses which are also governed by Rule 8.").  "Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant

---

[2]  A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question; thus, regional circuit law is applied. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (*citing C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)).

intended." *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *23 (N.D. Cal. Oct. 26, 2009).

## II. SRI'S MOTION SHOULD BE GRANTED IN FULL

Defendant's counterclaims and affirmative defenses fail to meet well-settled pleading requirements. Its invalidity and non-infringement counterclaims do not give SRI fair notice of its theories, and Defendant does not offer a single factual allegation in support of either. Defendant's affirmative defenses are similarly bereft of any factual support, plausible or otherwise, to suggest that any of them have even theoretical merit. So that neither SRI nor the Court is made to litigate, address, or resolve anything other than facially plausible defenses and counterclaims, the Court should grant SRI's motion in full.

### A. Defendant's Counterclaims Must Be Dismissed

#### 1. Defendant Does Not State a Claim for a Declaration of Invalidity[3]

Defendant seeks a declaration that "each and every claim" of the Asserted Patents "is unpatentable or invalid." (Dkt. 13 at Prayer for Relief, ¶ H.) But Defendant fails to plead a single fact in support of its demands, let alone any that would allow the Court to infer that Defendant is plausibly entitled to the relief it seeks. It does not, for example, identify a single piece of potentially invalidating prior art, or otherwise explain how or why its purported counterclaim is anything other than pure speculation. *See, e.g.*, *Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 79 (S.D.N.Y. 2015) (where counterclaim invokes Patent Act but "does not identify any prior art that anticipates or renders obvious [SRI's] Patents[,]" Defendant's pleading "does not assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible.") (quotations omitted).

Instead, Defendant concludes without explanation or support that each of the six Asserted Patents "is unpatentable or invalid for failure to meet one or more of the conditions of patentability or patent eligibility specified in the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability or patent eligibility set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112."

---

[3] For the reasons set forth herein, Defendant's duplicative fourth affirmative defense is deficient and must be stricken.

(*Id*. at Counterclaims, ¶¶ 10, 17, 24, 31, 38, 45.) "Such a pleading is radically insufficient." *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004) (quotation omitted).  As the *Qarbon* Court explained:

> Effective notice pleading should provide [SRI] with a basis for assessing the initial strength of the [Defendant's] claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer.  [Defendant], by alleging several grounds for invalidating and voiding the [asserted] patent, does not provide [SRI] with a basis for assessing the strength of [Defendant's] counterclaim.  Because the invalidity counterclaim does not provide a more specific statement of the basis of the counterclaim, the Court grants [SRI's] motion to dismiss…

*Id*. (rejecting allegation that the asserted patent "is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq*., and specifically, §§ 101, 102, 103, and/or 112 ….") (quotations omitted); *accord, e.g.*, *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700, *9-10 (N.D. Cal. July 24, 1996) ("Since sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [SRI] fair notice of the claims being asserted.").

Underscoring that Defendant's pleading is fatally flawed, Courts routinely dismiss counterclaims even where defendants voice particularized theories of invalidity or unpatentability.  For example, in *IconFind, Inc. v. Google, Inc.*, the Court rejected Google's allegation that:

> The Claims of the [patent-in-suit] are invalid under 35 U.S.C. §101 because they fail to claim patentable subject matter insofar as each seeks to claim an abstract idea; [and] because they fail to meet the 'conditions for patentability' of 35 U.S.C. §§ 102, 103, and/or 112 because the claims lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention.

2011 U.S. Dist. LEXIS 84720, *2 (E.D. Cal. August 2, 2011).  The *IconFind* Court determined that "Google's invalidity allegations [were] comprised solely of legal conclusions and/or conclusory factual allegations" that were insufficient "to support drawing a reasonable inference that the [patent-in-suit] d[id] not contain patentable ideas" and/or "that the claimed invention [wa]s invalid in light of prior art."  *Id.* at *4-5 (citing cases).

Defendant's invalidity allegations here are just as "radically insufficient" as those rejected in *Qarbon* and *IconFind*, and in fact more so.  Defendant's naked citation of Sections "101, 102, 103 and/or 112[,]" plus whatever unnamed additional statutes it purports to invoke, provides literally no information from which SRI or the Court may discern the basis for Defendant's claim, let alone any fact from which either could possibly infer that Defendant's contentions are plausible.  *See PB Farradyne, Inc. v. Peterson*, 2006 U.S. Dist. LEXIS 3408, *9-10 (N.D. Cal. January 13, 2016) (finding invalidity counterclaim even more deficient than those in *Qarbon* and *Advanced Cardiovascular* because defendant purported to rely upon unidentified "other applicable statutes."). It is therefore plain that Defendant's demands for declarations of invalidity fail as a matter of law and must be dismissed.

2.   Defendant Fails to Plead Plausible Entitlement to a Declaration of Non-Infringement[4]

Defendant's unadorned conclusion that it "has not infringed and is not infringing the ['175, '271, '890, '585, '493 or '491] Patent[s], willfully or otherwise, directly, contributorily or by inducement, either literally or by application of the doctrine of equivalents"—fares no better.  (Dkt. 13 at Counterclaims, ¶¶ 9, 16, 23, 30, 37, 44.)  Whereas SRI's Complaint details how WAM practices each limitation of the asserted claims, including by specifically identifying the offending WAM components and functionalities, Defendant does not (and cannot) point to a single limitation which it contends WAM does not practice or otherwise hint at why it is entitled to the declaration it seeks.

Courts routinely reject this type of claim.  For example, in *Tannerite Sports, LLC v. Jerent Enters., LLC*, as here, defendant's non-infringement counterclaim rested entirely on its unsupported "deni[al] that it has infringed the Patents-In-Suit [or] that it is continuing to infringe the Patents-In-Suit." D. Or. Case No. 6:15-cv-00180, Dkt. 55 at ¶ 105.  Invoking *Twombly* and *Iqbal*, the Court dismissed defendant's conclusory allegation:  "Defendant's non-infringement counterclaim again leaves the Court to guess which facts support its claim for relief, as detailed factual allegations

---

[4]   For the reasons set forth herein, Defendant's first, second, and third affirmative defenses—each of which concludes without explanation that WAM does not infringe—are deficient and must be stricken.

1  remain absent from the pleading." 2016 U.S. Dist. LEXIS 57942, *15-16 (D. Or. May 2, 2016).[5]

2  This Court should do the same here.

3        The Court should dismiss Defendant's non-infringement counterclaims on the independent ground that they are needlessly duplicative of the claims already at issue in this case. *See e.g.*, *Sliding Door Company v. KLS Doors, LLC*, 2013 U.S. Dist. LEXIS 71304, *9 (C.D. Cal. May 1, 2013) (dismissing counterclaim for declaratory judgment of non-infringement as "duplicative to Plaintiff's first cause of action. As such, Defendants' First Claim for Relief does not serve any useful purpose.").

### B. Defendant's Affirmative Defenses Are Improper And Should Be Stricken

      Defendant's first, second, third, and fourth affirmative defenses are clones of its invalidity and non-infringement counterclaims, contain are nothing more than legal labels masquerading as factual allegations, fail under *Iqbal* and *Twombly* for the reasons set forth above, and must be stricken. *See, e.g., Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116, *6 (N.D. Cal. Jan. 17, 2012) ("Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility… a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."); *CTF*, 2009 U.S. Dist. LEXIS 99538 at *21-22 ("Bare statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted.").

      Defendant's fifth affirmative defense—laches—must also be stricken, as it bears no discernible relation to SRI's claims. *See* Fed. R. Civ. P. 12(f) (authorizing the Court to strike "immaterial" or "impertinent" matter). Defendant's claim that SRI may not recover for Defendant's rampant infringement rests solely on its allegation that its "Macro Recorder" tool was made, used, sold, offered for sale, or imported "earlier than six years prior to the filing of this lawsuit." (Dkt. 13 at Fifth Affirmative Defense.) Defendant overlooks that SRI's Complaint does not accuse, name, or reference Macro Monitor; this action concerns WAM, its "EveryStep Scripting Tool" component,

---

[5] In a prior Order, the *Tannerite* Court dismissed defendant's substantively identical indirect non-infringement counterclaim. *See* 2015 U.S. Dist. LEXIS 136087, *6-8 (D. Or. Oct. 6, 2015). Defendant abandoned that theory in the Second Amended Answer at issue in the Court's May 2016 Order.

and other features and functionalities bearing no apparent relation to Macro Recorder, which SRI understands is no longer made, used, sold, offered for sale, or imported by Dotcom-Monitor. Should SRI amend its Complaint to accuse Macro Monitor, Defendant's contentions regarding the same might become material or pertinent. But because Macro Monitor is presently irrelevant to this dispute, Defendant's laches defense based on the same should be stricken.

### C. Leave to Amend Should be Denied, and Defendant Should Bear the Expenses Occasioned by its Non-Compliance

Following *Twombly* and *Iqbal*, and as recognized in the authorities cited above, the days of boilerplate pleading are long gone: the Supreme Court, the Ninth Circuit, and this Court have left no doubt that in filing its Answer, Defendant was obliged to specifically plead and plausibly support its counterclaims and affirmative defenses. Yet Defendant has made no attempt to meet its burden. Notably, when SRI discussed these defects with Defendant in advance of bringing this Motion, Defendant acknowledged the applicability of the *Twombly*/*Iqbal* standard but declined to amend because it expects that the Court will grant it leave to do so later. As a result of Defendant's non-compliance, SRI has been forced to incur substantial and unnecessary expense to obtain the fair notice and information Defendant concedes it was and is duty-bound to provide.

The Federal Rules are intended to prevent precisely this type of gamesmanship and spare diligent parties from the resulting burdens and expenses. So that Defendant does not benefit from (and SRI is not unfairly prejudiced by) its disregard for settled pleading rules, and so that future litigants will be discouraged from burdening their adversaries and the Courts with unnecessary motion practice, the Court should deny Defendant leave to amend its defunct pleading and direct Defendant to pay SRI's fees and costs in bringing this Motion.[6] Any other result will only reward Defendant for shirking its obligations and injecting needless expense and delay.

### CONCLUSION

SRI has provided more than fair notice of its claims against Defendant. Its Complaint named specific offerings, components, and functionalities that infringe the Asserted Patents, and tied each of

---

[6] SRI will submit a declaration setting forth these fees and costs at or before the hearing on SRI's Motion.

1   those to the limitations of the asserted claims.  Defendant's conclusory response, on the other hand,

2   provides literally no information from which SRI (or the Court) could begin to understand

3   Defendant's counterclaims or affirmative defenses, much less prepare to address them.  Accordingly,

4   for the reasons stated herein, SRI respectfully requests that the Court dismiss Defendant's

5   counterclaims and strike Defendant's first, second, third, fourth, and fifth affirmative defenses

6   without leave to amend, and direct Defendant to pay the fees and costs its violations required SRI to

7   incur.

Date:  August 12, 2016                              Respectfully Submitted,

                                                                        SINGER / BEA LLP

                                                                       By:_____
                                                                             Benjamin L. Singer
                                                                             Doug S. Tilley
                                                                             *Attorneys for Plaintiff Software Research, Inc.*